IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANSSEN PHARMACEUTICA, N.V., JANSSEN SCIENCES IRELAND UC, GILEAD SCIENCES, INC., and GILEAD SCIENCES IRELAND, UC, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 15-760-SLR-SRF |
| | ) | |
| v. | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| MYLAN PHARMACEUTICALS, INC. and MYLAN INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO MYLAN'S MOTION TO DISMISS, STRIKE, OR SEVER PLAINTIFFS' COUNTERCLAIMS**

*Of Counsel:*

Gregory L. Diskant
Irena Royzman
Jordan M. Engelhardt
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Tel.: (212) 336-2000

ASHBY & GEDDES

Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19889
(302) 654-1888

*Attorneys for Plaintiffs Janssen Pharmaceutica, N.V., and Janssen Sciences Ireland UC*

*Of Counsel:*

Colleen Tracy James
Manuel J. Velez
Scott A. McMurry
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
Tel.: (212) 506-2500

FARNAN LLP

Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
Tel.: (302) 777-0300

*Attorneys for Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC*

DATED: May 16, 2016

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

NATURE AND STAGE OF PROCEEDINGS ...........................................................................1

    A.    Plaintiffs' Evaluation of Mylan's Infringement and the Parties'
Respective Pleadings ...........................................................................................1

    B.    Initial Discovery and Contentions ........................................................................3

SUMMARY OF ARGUMENT ....................................................................................................4

STATEMENT OF FACTS ............................................................................................................5

    A.    The 291 and 752 Patents ......................................................................................5

    B.    The Manufacture of Rilpivirine for Mylan's ANDA Products...............................5

ARGUMENT .................................................................................................................................6

I.    Plaintiffs' counterclaims are procedurally proper.................................................6

II.    If construed as amended pleadings, Plaintiffs' counterclaims satisfy
the liberal Rule 15 standard. .................................................................................9

    A.    Mylan is not unduly prejudiced by trying the 291 and 752 Patents
in this action........................................................................................................10

        1.    Plaintiffs did not delay in asserting the 291 and 752 Patents. ..................10

        2.    This action is proceeding on track to go to trial as scheduled
with the 291 and 752 Patents in the case. ....................................................11

        3.    Discovery on the 291 and 752 Patents will not cause
undue prejudice..............................................................................................12

    B.    Plaintiffs' well-pled counterclaims are not futile....................................................14

        1.    Infringement claims under Section 271(g) are properly tried
alongside claims under the Hatch-Waxman Act.........................................14

        2.    Plaintiffs' declaratory-judgment claims state a substantial
controversy amenable to adjudication in this action..................................17

        3.    At most, Mylan frames a factual dispute as to the 752 Patent,
which cannot be decided at the pleading stage. ..........................................18

III.    Mylan provides no good reason to sever the counterclaims. ...............................19

IV.    No allegation in Plaintiffs' counterclaims warrants being stricken. ...................20

CONCLUSION...........................................................................................................................20

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allergan, Inc. v. Alcon Laboratories, Inc.*,
    324 F.3d 1322 (Fed. Cir. 2003)................................................................................16 n.8

*Amgen Inc. v. Hoffman La-Roche, Ltd.*,
    580 F.3d 1340 (Fed. Cir. 2009)....................................................................................15, 16

*AstraZeneca AB v. Ranbaxy Pharms., Inc.*,
    2008 U.S. Dist. LEXIS 102097 (D.N.J. Dec. 15, 2008)..............................................13, 16

*Bechtel v. Robinson*,
    886 F.2d 644 (3d Cir. 1989)....................................................................................9, 10, 11

*Biotech Biologische Naturverpackungen GmbH & Co. v. Biocorp, Inc.*,
    249 F.3d 1341 (Fed. Cir. 2001)........................................................................................18

*Butamax™ Advanced Biofuels LLC v. Gevo, Inc.*,
    2012 U.S. Dist. LEXIS 86215 (D. Del. Jun. 21, 2012) (Robinson, J.)...................................11

*Centerforce Techs., Inc. v. Austin Logistics, Inc.*,
    2000 U.S. Dist. LEXIS 6924 (D. Del. Mar. 10, 2000)........................................................14 n.7

*Cisco Sys. v. Teles AG Informationstechnologien*,
    2009 U.S. Dist. LEXIS 97854 (D. Del. Oct. 16, 2009) (Robinson, J.)...................................11

*Creative Compounds, LLC v. Starmark Labs.*,
    651 F.3d 1303 (Fed. Cir. 2011)........................................................................................20

*Dare v. Comcast Corp.*,
    2010 U.S. Dist. LEXIS 62498 (D.N.J. Jun. 23, 2010)..........................................................19

*Dole v. Arco Chemical Co.*,
    921 F.2d 484 (3d Cir. 1990)....................................................................................9, 10, 12, 13

*Feed Mgmt. Sys., Inc. v. Brill*,
    518 F. Supp. 2d 1094 (D. Minn. 2007)................................................................................8

*Foman v. Davis*,
    371 U.S. 178 (1962).........................................................................................................9

*German v. Federal Home Loan Mortgage Corp.*,
    896 F. Supp. 1385 (2d Cir. 1995).......................................................................................19

ii

*Glaxo, Inc. v. Novopharm, Ltd.*,
   110 F.3d 1562 (Fed. Cir. 1997).............................................................................15, 16, 17, 18

*Health v. Audatex North Am., Inc.*,
   2012 U.S. Dist. LEXIS 7242 (E.D. Pa. Jan. 23, 2012) .............................................................8

*Hoffman-La Roche Inc. v. Invamed Inc.*,
   213 F.3d 1359 (Fed. Cir. 2000)...............................................................................................20

*Janssen Prods., L.P. v. Lupin Ltd.*,
   109 F. Supp. 3d 650 (D.N.J. 2014) ..........................................................................................15

*Janssen Prods., L.P. v. Lupin Ltd.*,
   2014 U.S. Dist. LEXIS 155248 (D.N.J. Mar. 12, 2014).........................................................16

*Janssen Products, L.P. v. Lupin Ltd.*,
   10-cv-5954-WHW-CLW, D.I. 265 (D.N.J. Jan. 15, 2013).........................................9 n.3, 19

*Joao Bock Transaction Sys., LLC v. Jack Henry & Assocs., Inc.*,
   292 F.R.D. 167 (D. Del. 2013) (Robinson, J.).........................................................................20

*Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*,
   50 F.R.D. 415 (D. Del. 1970) ....................................................................................................7

*JP Morgan Chase & Co. v. Affiliated Comp. Servs.*,
   2009 U.S. Dist. LEXIS 50821 (D. Del. Mar. 4, 2009) (Robinson, J.)....................................11

*Kronfeld v. First Jersey Nat'l Bank*,
   638 F. Supp. 1454 (D.N.J. 1986) .............................................................................................11

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*,
   2011 U.S. Dist. LEXIS 102327 (D. Del. Sep. 12, 2011) .........................................................15

*Lincoln Sav. Bank v. Open Solutions, Inc.*,
   956 F. Supp. 2d 1032 (N.D. Iowa 2013) ...................................................................................8

*Long v. Wilson*,
   393 F.3d 390 (3d. Cir. 2004).............................................................................................10 n. 4

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007).................................................................................................................17

*Miller v. Beneficial Mgm't Corp.*,
   844 F. Supp. 990 (D.N.J. 1993) .................................................................................................8

*NHB Assignments LLC v. Gen. Atlantic LLC (In re PMTS Liquidating Corp.)*,
   490 B.R. 174 (D. Del. 2013) (Robinson, J.) .........................................................9, 10, 14, 19

*Oran v. Stafford*,
    226 F.3d 275 (3d Cir. 2000)...................................................................................10

*Pennington v. Wells Fargo Bank, N.A.*,
    947 F. Supp. 2d 529 (E.D. Pa. 2013) ......................................................................7

*Power Tools & Supply, Inc. v. Cooper Power Tools, Inc.*,
    2007 U.S. Dist. LEXIS 29571 ( E.D. Mich. Apr. 20, 2007)................................7, 8

*Southeastern Indus. Tire Co. v. Duraprene Corp.*,
    70 F.R.D. 585 (E.D. Pa. 1976)................................................................................8

*St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*,
    2009 U.S. Dist. LEXIS 49882 (D. Del. June 10, 2009).........................................10

*Standard Chlorine v. Sinibaldi*,
    821 F. Supp. 232 (D. Del. 1992) (Robinson, J.) ...................................................12

*Sun Optics, Inc. v. FGX Int'l*,
    2007 U.S. Dist. LEXIS 56351 (D. Del. Aug. 2, 2007) (Robinson, J.)...................12

*Takeda Pharms. U.S.A., Inc. v. Par Pharm. Cos.*,
    2014 U.S. Dist. LEXIS 123088 (D. Del. Sep. 4, 2014) (Robinson, J.)...................9

*Takeda Pharms. U.S.A., Inc. v. Watson Labs., Inc.*,
    2014 U.S. Dist. LEXIS 123082 (D. Del. Sep. 4, 2014) (Robinson, J.).................17

*Telectronics Pacing Sys. v. Ventritex, Inc.*,
    982 F.2d 1520 (Fed. Cir. 1992)..............................................................................18

*Weitz Co., LLC v. MH Wash., LLC*,
    2007 U.S. Dist. LEXIS 40747 (W.D. Mo. June 5, 2007) .......................................7

**Statutes and Regulations**

35 U.S.C. § 271(e) .........................................................................................................14

35 U.S.C. § 271(g) .................................................................................................. *passim*

21 CFR 314.102 ..............................................................................................................13

21 CFR 314.125(b)(13)....................................................................................................13

**Federal Rules of Civil Procedure and Evidence**

Fed. R. Civ. P. 7 ...................................................................................................7

Fed. R. Civ. P. 7(a) .............................................................................................6

Fed. R. Civ. P. 7(a)(3) .........................................................................................7

Fed. R. Civ. P. 12(a) ...........................................................................................3

Fed. R. Civ. P. 12(b)(6) ............................................................................. *passim*

Fed. R. Civ. P. 13 ...............................................................................................7

Fed. R. Civ. P. 13(a) ..................................................................................3, 4, 6, 7

Fed. R. Civ. P. 15 ...............................................................................................9

Fed. R. Civ. P. 15(a) .................................................................................. *passim*

Fed. R. Civ. P. 15(a)(2) ...................................................................................8, 9

Fed. R. Civ. P. 21 .............................................................................................19

Fed. R. Civ. P. 26(a) ...........................................................................................3

Fed. R. Evid. 406 ........................................................................................20 n.10

**Other Authorities**

3-13 Moore's Federal Practice - Civil § 13.44 (2015) .............................................7, 8

5 Wright & Miller Federal Practice and Procedure: Civil § 1188 (3d. 2004) .......................6, 7, 8

## PRELIMINARY STATEMENT

By the instant motion, Mylan asks the Court to dismiss, sever, or strike Plaintiffs' timely

filed, well-pled claims for infringement of two patents directed to the manufacturing processes

for the ANDA product already at issue in this case.  Mylan's suggestion that "counterclaims-in-

reply" are unauthorized is contrary to the clear weight of authority.  This technical dispute is also

irrelevant, since Plaintiffs' infringement claims are nonprejudicial and legally sufficient, whether

evaluated under Rule 12(b)(6) or Rule 15(a).  As to prejudice, the counterclaims were brought

well in advance of the deadline to amend pleadings and two years ahead of trial, and Mylan's

discovery-based arguments are contrived.  Mylan's futility arguments are wrong on the law and,

at most, raise a dispute for the trier of fact as to one patent.  Finally, Mylan's alternative request

for severance would hinder expeditious resolution of Plaintiffs' claims, and its plea that

allegations be stricken ignores their central relevance.  The motion should be denied.

## NATURE AND STAGE OF PROCEEDINGS

This is an action for infringement by Mylan of four patents listed in the U.S. Food and

Drug Administration's ("FDA") Orange Book for Plaintiffs' life-saving HIV/AIDS treatment,

Complera®, and four patents directed to manufacturing processes developed by Janssen through

years of research that enable an active ingredient in Complera, rilpivirine, to be produced on a

commercial scale.  The action arises from Mylan's filing of Abbreviated New Drug Application

No. 208452 (the "ANDA") seeking approval to sell copies of Complera (the "ANDA Products"),

and from Mylan's active preparations to import and sell in the United States ANDA Products

manufactured overseas using Janssen's patented processes.

### A.    Plaintiffs' Evaluation of Mylan's Infringement and the Parties' Respective Pleadings

After receiving notice of Mylan's ANDA on July 27, 2015, Plaintiffs immediately

requested production of Mylan's Drug Master File for rilpivirine (the "DMF") before the

statutory deadline to file suit, to assess if Janssen's process patents were infringed.  Decl. ¶¶ 4-

10, Exs. 1-2.[1]  Having not received the DMF in time, Plaintiffs filed the original complaint in

this action (D.I. 1) on August 31, 2015 asserting infringement under the Hatch-Waxman Act of

three patents listed in the Orange Book for Complera: U.S. Patent Nos. 8,841,310 (the "310

Patent"), 7,125,879 (the "879 Patent"), and 8,101,629 (the "629 Patent").

Mylan later produced the DMF on November 2, 2015. ███████████████

███████████████████ U.S. Patent Nos. 7,399,856 (the "856 Patent") and 7,563,922 (the

"922 Patent") █████████████████████████████

████████████████████████████████ Plaintiffs

██████ filed a First Amended Complaint on January 26, 2016 by stipulation of the parties (D.I.

32), asserting claims for declaratory judgment of infringement of the 856 and 922 Patents under

35 U.S.C. § 271(g).



██████████████████ ("PBN-II") used to make the rilpivirine in Mylan's ANDA

Products.  Ex. 3 at 1. ████████████████████ Plaintiffs requested

████████ information to evaluate infringement of U.S. Patent Nos. 8,618,291 (the "291 Patent")

and 8,101,752 (the "752 Patent"), which claim processes invented by Janssen for the

commercial-scale manufacture of PBN-II and an overall synthesis of rilpivirine using that

PBN-II.  Pls.' Answer and Counterclaims, D.I. 50, at 19.  Six months later, as of the date of this

filing, Mylan has not produced the requested information showing how PBN-II is made for the

rilpivirine in its ANDA Products.  Instead, Mylan has produced other documents ███████████

---

[1] "Decl." and "Ex." cites, respectively, refer to the accompanying Declaration of Irena Royzman
and exhibits thereto.

█████████████████ it claims relate to the manufacture of PBN-II that are irrelevant and not credible.  D.I. 50 at 29-32.

On March 3, 2016, Mylan answered Plaintiffs' First Amended Complaint, which had asserted the 856 and 922 Patents ██████████████████████.  Mylan brought twelve counterclaims against Plaintiffs, including claims for declaratory judgment of non-infringement and invalidity of a fourth Orange Book patent not asserted by Plaintiffs, U.S. Patent No. 8,080,551 (the "551 Patent") (together with the 310, 856 and 922 Patents, the "Orange Book Patents").  Defs.' Answer and Countercls., D.I. 44, at 35-36, 42-43.

As a result of Mylan's election to assert counterclaims, Plaintiffs then had to file a responsive pleading under Fed. R. Civ. P. 12(a), in which Plaintiffs were required by Fed. R. Civ. P. 13(a) to include any compulsory counterclaims they had against Mylan.  By this time, Plaintiffs' claims for infringement of the 291 and 752 Patents had become ripe as the result of Mylan's course of conduct strongly supporting infringement of these patents.  D.I. 50 at 29-32. Thus, on March 22, 2016, Plaintiffs answered Mylan's counterclaims and asserted compulsory counterclaims seeking declaratory judgment of infringement of the 291 and 752 Patents (together with the 856 and 922 Patents, the "Process Patents") under 35 U.S.C. § 271(g).  D.I. 50. Plaintiffs' counterclaims were filed *ten months in advance* of the January 20, 2017 deadline to amend pleadings in this case.  Scheduling Order, D.I. 38, at 4.

### B.    Initial Discovery and Contentions

All events in the case schedule are proceeding on track.  Plaintiffs timely served Rule 26(a) initial disclosures and identified accused produces and asserted patents on February 26, 2016 as scheduled.   Promptly after asserting the 291 and 752 Patents, Plaintiffs served amended initial disclosures on March 31, 2016. Ex. 21.  The addition of the 291 and 752 Patents to this action did not require the identification of any additional witnesses, as these two Process Patents

do not entail discovery from any additional inventors.  *Id.*

Plaintiffs then timely served initial infringement contentions for all patents-in-suit, including the 291 and 752 Patents, on April 25, 2016.  Ex. 19.  Of particular significance here, Plaintiffs asserted only three total claims of the Process Patents subject to this motion (the 291 and 752 Patents), and Plaintiffs' initial claim charts for these two Process Patents take up just six total pages.  Ex. 19 at 7, 65-68, 70-71.  With respect to the 291 and 752 Patents subject to this motion, Mylan will have to address only three total claims in its invalidity contentions due May 25, 2016.  Discovery is at its earliest stages.  Mylan served its first discovery requests on April 26, 2016, more than a month after the 291 and 752 Patents were added to the case.

## SUMMARY OF ARGUMENT

1.  <u>Plaintiffs properly asserted compulsory counterclaims in their answer to Mylan's counterclaims</u>.  Mylan's suggestion that "counterclaims-in-reply" are not authorized is contrary to the weight of authority.  In fact, Plaintiffs were ***required*** under Fed. R. Civ. P. 13(a) to assert compulsory counterclaims in their answer to Mylan's counterclaims.  Mylan's technical dispute is also irrelevant, since Plaintiffs state well-pled claims for declaratory judgment whether reviewed under Fed. R. Civ. P. 12(b)(6) or as amended pleadings under Fed. R. Civ. P. 15(a).

2.  <u>If treated as amended pleadings, Plaintiffs' counterclaims are not unduly prejudicial or futile</u>.  Plaintiffs' claims for infringement of the 291 and 752 Patents easily satisfy the liberal Fed. R. Civ. P. 15(a) standard, under which leave to amend is freely granted.  Mylan does not, nor can it, argue that Plaintiffs unduly delayed asserting these patents: the deadline to amend pleadings is in January 2017 and the case is on track to be tried as scheduled in February 2018.  Some incremental discovery on the 291 and 752 Patents does not establish prejudice.  Mylan's futility arguments at most raise a factual dispute as to one patent, and cannot defeat Plaintiffs' infringement claims at the pleading stage.

3.      <u>Mylan's alternative requests for severing or striking the claims are baseless</u>.

Rather than promote efficiency, Mylan's request to sever the counterclaims would create two

separate cases involving the same core facts and witnesses.  In addition, Mylan has not shown

that the allegations it seeks to strike, which form a key part of the factual basis for Plaintiffs'

infringement claims, are prejudicial or irrelevant.

<b>STATEMENT OF FACTS</b>

**A.      The 291 and 752 Patents**

The 291 and 752 Patents together cover methods of making rilpivirine, one of the active

ingredients in Mylan's ANDA Products, as well as methods of making PBN-II, which is used in

making rilpivirine.  D.I. 50 at 19.  They contain the same specification and present a single set of

issues.  PBN-II is incorporated into and present in the rilpivirine in Mylan's ANDA Products

without material change, including as a standalone compound.  *Id.* at 33; *see also* Ex. 19 at 71.

The 291 and 752 patents represent an advancement over the prior art.  Prior to these

inventions, the known methods for making PBN-II for rilpivirine were unsuitable for

manufacture on a commercial scale.  Janssen scientists solved this scientific problem through

years of research, culminating in the inventions claimed in the 291 and 752 Patents.  As such,

these patents are essential to the commercial manufacture of rilpivirine and Complera.

**B.      The Manufacture of Rilpivirine for Mylan's ANDA Products**

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████ Mylan has

demonstrated control over documents ███████████████████ it claims relate to the

manufacture of PBN-II and rilpivirine for its ANDA Products █████████████████

███████████████████████████████████████████████████████████████.

5

As Plaintiffs have alleged in detail, Mylan's course of conduct strongly supports their claims that the rilpivirine and PBN-II in Mylan's ANDA Products are manufactured by processes that infringe the 291 and 752 Patents.  *See* D.I. 50 at 29-32.  Mylan is making substantial preparations to obtain approval to sell its ANDA Products made by infringing processes in the United States.  *Id.* at 35.

## ARGUMENT

### I.   Plaintiffs' counterclaims are procedurally proper.

Mylan gives short shrift to arguing Plaintiffs' counterclaims are not proper, suggesting "counterclaims-in-reply" are not listed in Fed. R. Civ. P. 7(a), and this is "not the rare case" where such counterclaims are permitted as "a compulsory reply to a permissive counterclaim." Defs.' Br. at 11.  Mylan's position ignores black-letter law and should be rejected.

Contrary to Mylan's position, after Mylan elected to assert counterclaims in its answer, Plaintiffs were *required* under Fed. R. Civ. P. 13(a) to assert in their responsive pleading any compulsory counterclaims they had against Mylan.  Wright & Miller explain:

> If the plaintiff has a claim arising from the same transaction as the one involved in the defendant's counterclaim—a claim that would constitute a compulsory counterclaim under Rule 13(a)—the ***plaintiff must assert it in the reply or risk being barred from bringing a later action on it***.  In this context, a counterclaim in the plaintiff's reply to the defendant's counterclaim seems ***entirely appropriate***.

5 Wright & Miller Federal Practice and Procedure: Civil § 1188 (3d. 2004).[2]  Here, Plaintiffs' counterclaims arise out of the same transaction or occurrence that is the subject of Mylan's counterclaims—Mylan's filing of the ANDA and preparations to sell its ANDA Products in the United States—and add no new parties.  They are therefore compulsory counterclaims that had

---

[2] Emphases are added and quotations and citations omitted unless otherwise specified.

to be asserted in Plaintiffs' answer to Mylan's counterclaims.  Fed. R. Civ. P. 13(a).  This case presents the precise situation where a counterclaim in a plaintiff's answer is "entirely appropriate."  Wright & Miller § 1188.

As this Court has held, "[t]hat a plaintiff may counterclaim in his reply is established both in the case law and the texts . . . ."  *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 418 (D. Del. 1970) (collecting cases and treatises).  In fact, the *Joseph Bancroft* court heard the same argument Mylan raises here—"that Rule 7 does not specifically provide for a counterclaim in the reply"—and found it "not persuasive."  *Id.*  The reason for this is clear.  The language of Rule 13 indicates that "a counterclaim is not itself a pleading, but is a claim included in some other pleading."  *Power Tools & Supply, Inc. v. Cooper Power Tools, Inc.*, 2007 U.S. Dist. LEXIS 29571, *6 ( E.D. Mich. Apr. 20, 2007).  In turn, Rule 7 expressly ***allows*** "an answer to a counterclaim" as a permitted pleading.  Fed. R. Civ. P. 7(a)(3).  Thus, in an answer to a counterclaim, as in any other pleading, the pleader must include—or risk waiving—compulsory counterclaims.  Fed. R. Civ. P. 7(a)(3), 13(a); *Power Tools*, 2007 U.S. Dist. LEXIS 29571, at *6; Wright & Miller § 1188.

Permitting counterclaims in a plaintiff's answer is the majority rule within the Third Circuit and elsewhere.  3-13 Moore's Federal Practice - Civil § 13.44 (2015) ("[A] pleader may raise a counterclaim in its reply in response to an opposing party's set of counterclaims."); *see also Pennington v. Wells Fargo Bank, N.A.*, 947 F. Supp. 2d 529, 533 (E.D. Pa. 2013) (permitting "counterclaim contained in a reply to a counterclaim"); *Weitz Co., LLC v. MH Wash., LLC*, 2007 U.S. Dist. LEXIS 40747, at *7 (W.D. Mo. June 5, 2007) (permitting "counterclaim in reply to a defendant's counterclaim," based on "[t]he weight of authority on this question"); *Power Tools*, 2007 U.S. Dist. LEXIS 29571, at *6 ("[A] counterclaim may be asserted in a reply

to a counterclaim."); *Southeastern Indus. Tire Co. v. Duraprene Corp.*, 70 F.R.D. 585, 586 (E.D. Pa. 1976) (permitting "counterclaims in reply").

Mylan's assertion that counterclaims-in-reply are allowed in "the rare case" turns the law on its head.  Mylan cites two Eighth Circuit district court cases to suggest that a plaintiff may only assert compulsory counterclaims to permissive counterclaims in an answer.  Defs.' Br. at 11 (citing *Feed Mgmt. Sys., Inc. v. Brill*, 518 F. Supp. 2d 1094, 1096 (D. Minn. 2007); *Lincoln Sav. Bank v. Open Solutions, Inc.*, 956 F. Supp. 2d 1032, 1039 (N.D. Iowa 2013)).  That position is, at most, a minority view.  "[A]side from a rogue decision or two, courts have long agreed that the federal rules provide for a counterclaim in reply."  *Power Tools*, 2007 U.S. Dist. LEXIS 29571, at *6; *see also* Wright & Miller § 1188; 3-13 Moore's Federal Practice - Civil § 13.44.

Mylan's argument that Plaintiffs should have asserted the 291 and 752 Patents in the original complaint should not be credited.  Plaintiffs could not have asserted these patents at that time, because Mylan refused to produce the rilpivirine DMF before Plaintiffs' statutory deadline to file suit, despite repeated requests since July 2015.  Exs. 1-2; Decl. ¶¶ 5-10.  Under these circumstances, it was "entirely reasonable" for Plaintiffs to defer asserting the 291 and 752 Patents until the "factual underpinnings" of their infringement claims were "sufficiently developed."  *Miller v. Beneficial Mgm't Corp.*, 844 F. Supp. 990, 1000-01 (D.N.J. 1993).

Finally, while it is true that courts sometimes evaluate counterclaims asserted in reply as amended pleadings under Rule 15(a)(2), *e.g.*, *Health v. Audatex North Am., Inc.*, 2012 U.S. Dist. LEXIS 7242, *7 (E.D. Pa. Jan. 23, 2012), the distinction makes no difference here.  Treated as counterclaims, Plaintiffs' well-pled claims for infringement of the 291 and 752 Patents state a plausible claim for relief, and Mylan's motion to dismiss them should be denied under Rule 12(b)(6).  *See* Section II.B. *supra* (addressing Mylan's futility arguments).  Treated as amended

pleadings, Plaintiffs' counterclaims are neither prejudicial nor futile, and should be permitted

under Rule 15(a)(2).  Either way, the 291 and 752 Patents are properly litigated in this action.[3]

## II.    If construed as amended pleadings, Plaintiffs' counterclaims satisfy the liberal Rule 15 standard.

"Fed. R. Civ. P. 15 provides that a court should freely give leave to amend when justice

so requires.  The Third Circuit has adopted a liberal approach to the amendment of pleadings to

ensure that 'a particular claim will be decided on the merits rather than on technicalities.'"  *NHB*

*Assignments LLC v. Gen. Atlantic LLC (In re PMTS Liquidating Corp.)*, 490 B.R. 174, 182 (D.

Del. 2013) (Robinson, J.) (quoting *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir.

1990)) (granting leave to amend ); *see also Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir.

1989) ("[C]ourts have shown a strong liberality . . . in allowing amendments under Rule 15(a).").

"The factors to consider in weighing a motion for leave to amend are well-settled:

(1) whether the amendment has been unduly delayed; (2) whether the amendment would unfairly

prejudice the non-moving party; (3) whether the amendment is brought for some improper

purpose; and (4) whether the amendment is futile." *Takeda Pharms. U.S.A., Inc. v. Par Pharm.*

*Cos.*, 2014 U.S. Dist. LEXIS 123088, *10 (D. Del. Sep. 4, 2014) (Robinson, J.) (citing *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962)) (granting leave to amend). As to prejudice and delay, "[i]n

order to make the required showing of prejudice, regardless of the stage of the proceedings, [the

party opposing amendment] is required to demonstrate that its ability to present its case would be

---

[3] Mylan argues "Plaintiffs' counterclaims-in-reply should be stricken" on its argued procedural grounds.  Defs.' Br. at 11.  But if the Court decides that Plaintiffs' counterclaims are best evaluated as amended pleadings under Fed. R. Civ. P. 15(a), the proper result is not to "strike" the counterclaims and require refiling as a motion to amend.  "Such a requirement would actually aggravate the delay and prejudice defendants claim in opposition to the pending motion." Bench Decision on Pls.' Mot. to Supp. Pleadings, D.I. 265, *Janssen Products, L.P. v. Lupin Ltd.*, 10-cv-5954-WHW-CLW (D.N.J. Jan. 15, 2013), Ex. 25 at 10.  Instead, the Court may simply decide Mylan's existing motion, which already raises the substantive issues for decision.

seriously impaired were amendment allowed." *Dole*, 921 F.2d at 488 (citing *Bechtel*, 886 F.2d at 652) (permitting amendment where only prejudice argued was incremental briefing and discovery).  "Futility is governed by the same standard of legal sufficiency that applies under Fed. R. Civ. P. 12(b)(6)." *NHB*, 490 B.R. at 183 (citing *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000)).  Thus, an amended pleading is futile only if it is "frivolous, fails to state a claim upon which relief can be granted, or advances a claim or defense that is legally insufficient on its face." *St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*, 2009 U.S. Dist. LEXIS 49882, *4 (D. Del. June 10, 2009) (granting leave to amend).[4]

Here, Mylan contends that Plaintiffs' counterclaims are unduly prejudicial by exaggerating discovery burdens, and argues futility based on ***factual*** challenges that cannot defeat well-pled claims at the pleading stage.  *See* Defs.' Br. at 12-18.  Neither argument forms a credible basis for disallowing the counterclaims, and Mylan's motion should be denied.

### A.   Mylan is not unduly prejudiced by trying the 291 and 752 Patents in this action.

#### 1.   *Plaintiffs did not delay in asserting the 291 and 752 Patents.*

Mylan does not, nor can it, argue that Plaintiffs delayed in asserting infringement of the 291 and 752 Patents.  Mylan recognizes, as it must, that "[t]he deadline for amending pleadings is January 20, 2017," and "[f]act discovery closes January 31, 2017."  Defs.' Br. at 4.  Indeed, this case is in the earliest stages: Mylan served its first document requests after the 291 and 752 Patents were added, no depositions have been noticed, Mylan has not disclosed any experts, and expert discovery closes in October 2017.  Trial is scheduled for February 2018.  The thirty-month stay of FDA approval of Mylan's ANDA Products runs through November 2018.

---

[4] Mylan cites *Long v. Wilson*, 393 F.3d 390 (3d. Cir. 2004) for its recitation of the Rule 15(a) standard.  *Long* allowed the amendment, and cautioned against requiring "rigid adherence to formalities and technicalities" in deciding whether to grant leave to amend.  393 F.3d at 400.

Without delay, there can be no undue delay.  That alone is enough to "reject[] out of hand" Mylan's unfair-prejudice argument.  *JP Morgan Chase & Co. v. Affiliated Comp. Servs.*, 2009 U.S. Dist. LEXIS 50821, at *3 n.1 (D. Del. Mar. 4, 2009) (Robinson, J.) ("Although plaintiffs also assert that the motion should be denied on the grounds of unfair prejudice and undue delay, there is no dispute that the motion was filed timely under the court-approved scheduling order.  Therefore, ***this argument is rejected out of hand***."); *see also Butamax™ Advanced Biofuels LLC v. Gevo, Inc.*, 2012 U.S. Dist. LEXIS 86215, *6 (D. Del. Jun. 21, 2012) (Robinson, J.) ("The instant motion to amend was filed timely and, therefore, there can be no unfair prejudice to defendant."); *Cisco Sys. v. Teles AG Informationstechnologien*, 2009 U.S. Dist. LEXIS 97854, *3 n.1 (D. Del. Oct. 16, 2009) (Robinson, J.) ("[t]his early in the litigation, there can be no undue prejudice").  Amendment is appropriate where, as here, the case "is in its earliest stages and hardly any discovery or pre-trial preparation has taken place," and "Plaintiffs assert that the amendments incorporate new evidence they became aware of after the filing of the complaint."  *Kronfeld v. First Jersey Nat'l Bank*, 638 F. Supp. 1454, 1460 (D.N.J. 1986).

### 2. *This action is proceeding on track to go to trial as scheduled with the 291 and 752 Patents in the case.*

Mylan "must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'"  *Bechtel*, 886 F.2d at 652.  As noted, Plaintiffs asserted the 291 and 752 Patents ten months in advance of the January 2017 amendment and fact-discovery deadlines, and ***two years*** before the February 2018 trial date.

At this early stage, Mylan cannot show that Plaintiffs' counterclaims have deprived it of the opportunity to make its case.  Mylan has ample time to work up its defenses.  And contrary to Mylan's fear that "Plaintiffs are now seeking to assert some unidentified number of additional

11

claims of the [291 and 752 Patents]," Defs.' Br. at 8, Plaintiffs asserted just two claims of the

291 Patent and one claim of the 752 Patent.  Ex. 19 at 7.  Where, as here, "most discovery has

not yet been completed," Mylan's "prejudice argument is without merit."  *Standard Chlorine v.*

*Sinibaldi*, 821 F. Supp. 232, 259 (D. Del. 1992) (Robinson, J.); *see also Sun Optics, Inc. v. FGX*

*Int'l*, 2007 U.S. Dist. LEXIS 56351, *8 n.4 (D. Del. Aug. 2, 2007) (Robinson, J.) (granting

amendment to add patent, "as leave to amend 'shall be freely given when justice so requires,'

Fed. R. Civ. P. 15(a), especially when the motion is filed early in the case, as this motion was").[5]

### 3.  *Discovery on the 291 and 752 Patents will not cause undue prejudice.*

Mylan's discovery-based prejudice argument fails for two independent reasons.  First,

Mylan's suggestion that Plaintiffs' counterclaims will require third-party discovery through

"letters rogatory [and] process in India under the Hague Convention," Defs. Br. at 12-13, is

contrary to its demonstrated ability to produce documents ███████████████, as well as

its course of conduct before, and since, filing this motion.  Second, under Third Circuit law,

incremental discovery does not amount to prejudice.  *Dole*, 921 F.2d at 488.

As for the first reason, Mylan's invocation of the Hague Evidence Convention is

contrived for purposes of this motion.  ████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████

---

[5] Mylan asserts without support that Plaintiffs "oppose quick adjudication of the [Orange Book Patents]."  Defs.' Br. at 13.  To the contrary, Plaintiffs have repeatedly offered to streamline adjudication of the Orange Book Patents by limiting the issues in dispute to validity for patents Mylan does not, and cannot, dispute are infringed by its ANDA Products.  Although Mylan has not raised any defenses to infringement of the asserted claims of the Orange Book Patents in its Paragraph IV Letter or thereafter, Mylan has refused Plaintiffs' repeated requests that Mylan stipulate to infringement (while preserving other defenses) to simplify this case.  Ex. 18.

████████████████████████████████████████████████████████████████

████████████████████████████████. Decl. ¶ 15.[6]  And if the FDA requested

manufacturing information, Mylan would have to provide it or risk rejection of its ANDA.  *See*

21 CFR 314.102, 314.125(b)(13) (refusal to approve ANDA based on noncompliant "methods to

be used in . . . the manufacture . . . of the drug substance or the drug product").

    Prior to filing this motion, Mylan never suggested that Plaintiffs would have to go

through the Hague to obtain manufacturing information.  *See* Decl. ¶¶ 39-46.  To the contrary, in

an effort to have Plaintiffs delay asserting the 291 and 752 Patents, Mylan said it was ████████

████████████████████████████████████████ Ex. 16 at 1.  And since filing this

motion, Mylan has backtracked.  Mylan now says that the parties "***may*** need to go through

Hague protocols to obtain discovery ██████████████████████████████" Ex. 22 at

4.  As Mylan can produce, and has produced, manufacturing documents ██████████, it can

produce the documents reflecting the manufacture of PBN-II for its ANDA Products.

    The second reason to reject Mylan's prejudice argument is that, under Third Circuit law,

"the possibility that some additional discovery will be required" does not "establish[] prejudice

sufficient to defeat [Plaintiffs'] right to amend."  *Dole*, 921 F.2d at 488.  At this early stage,

Mylan cannot make the "required" showing that "its ability to present its case would be seriously

impaired" by addition of the 291 and 752 Patents.  *Id.*  These patents relate to the same ANDA

Product and active ingredient already at issue, do not bring in any new inventors, and involve

three total patent claims, which Plaintiffs have already asserted in initial infringement

contentions.  And the parties have ample time to conduct discovery, as well as nearly two years

---

[6]  Mylan produced two documents ████████████████████████████████████, just
days before they were produced on January 22, reflecting that Mylan is able to quickly obtain
documentation from ████████ relating to the manufacture of PBN-II.  Exs. 9-10.

to prepare for the February 2018 trial.  On this record, Mylan cannot establish undue prejudice.
*See AstraZeneca AB v. Ranbaxy Pharms., Inc.*, 2008 U.S. Dist. LEXIS 102097, *24-26 (D.N.J.
Dec. 15, 2008) (while addition of process patents would somewhat expand discovery, "[t]he
Court . . . is not convinced that this additional expenditure of resources will be so significant as
to unfairly prejudice [the defendants]").[7]

> **B.    Plaintiffs' well-pled counterclaims are not futile.**

Mylan contends that Plaintiffs' declaratory-judgment claims for infringement of the 291
and 752 Patents should be dismissed as futile because they are not authorized under 35 U.S.C.
§ 271(e), are not "proper claims" under 35 U.S.C. § 271(g), and are "too remote and speculative"
to give rise to a case or controversy.  Defs.' Br. at 13-19.  These theories ignore the sound legal
and factual basis for the counterclaims as pled and, at most, raise fact-based attacks on the merits
as to one patent.  They have no place in a futility analysis.  Plaintiffs' counterclaims taken as true
are legally sufficient under Fed. R. Civ. P. 12(b)(6) to state claims for declaratory judgment.

> **1.    *Infringement claims under Section 271(g) are properly tried
> alongside claims under the Hatch-Waxman Act.***

Mylan first devotes a section of its brief to the "futility" of claims Plaintiffs do not even
assert.  Although Plaintiffs assert counterclaims for infringement of the 291 and 752 Patents
under 35 U.S.C. § 271(g), *see* D.I. 50 at 34-37, Mylan argues that the claims are not authorized
under a different provision, Section 271(e).  Defs.' Br. at 14-17.  This misdirected attack does
not raise any legal deficiencies in Plaintiffs' counterclaims warranting their dismissal.

---

[7] Mylan's alternative request to sever Plaintiffs' counterclaims for adjudication in a separate
action further undermines its undue-prejudice argument.  *See Centerforce Techs., Inc. v. Austin
Logistics, Inc.*, 2000 U.S. Dist. LEXIS 6924, at *21 (D. Del. Mar. 10, 2000*)*  (concluding that
"ALI will not be unduly prejudiced by allowing the motion to amend," because "if CenterForce's
instant motion is denied, CenterForce could, and represents it would, institute a separate action
against ALI"); *NHB*, 490 B.R. at 184 ("To rule otherwise would result in the filing of another
lawsuit and would not promote the interests of judicial efficiency.").

Rather, Plaintiffs assert actionable claims for declaratory judgment based on Mylan's substantial and meaningful preparations to import, offer to sell, sell and/or use in the United States products made by Janssen's patented processes. *See* 35 U.S.C. § 271(g) ("Whoever without authority imports into the United States or offers to sell, sells or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer."); *Amgen Inc. v. Hoffman La-Roche, Ltd.*, 580 F.3d 1340, 1377-80 (Fed. Cir. 2009) (upholding declaratory judgment that defendant's as-yet unapproved drug product would infringe plaintiff's process patents under §271(g)). Mylan concedes, as it must, that parties may "litigate process patents alongside Orange Book patents where those process patents bear some reasonable relationship to the proposed ANDA product . . . ." Defs.' Br. at 15. This states precisely the circumstance here, where the commercial manufacture of rilpivirine for Mylan's ANDA Products is already at issue, and the 291 and 752 Patents involve the same inventors as the other patents-in-suit. *See LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 2011 U.S. Dist. LEXIS 102327, *5-6 (D. Del. Sep. 12, 2011) (granting amendment to add patent where its "disclosure . . . while not directly comparable to the other patents-in-suit, is sufficiently related to the overall theme of [the] technology so as not to warrant a separate lawsuit").

Mylan's argument that "[n]o case stands on all fours given the unusual nature of Plaintiffs' claims," Defs.' Br. at 16, is disingenuous. This case is directly on point. Two process patents, the 856 and 922 Patents, are already being litigated under Section 271(g) along with Orange Book Patents. D.I. 32. Just as the 291 and 752 Patents, the 856 and 922 Patents respectively are to a process of making rilpivirine and a process of making an essential component of rilpivirine. Indeed, process patents are frequently litigated as part of ANDA litigation. *See, e.g.*, *Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562 (Fed. Cir. 1997); *Janssen*

*Prods., L.P. v. Lupin Ltd.*, 109 F. Supp. 3d 650 (D.N.J. 2014) (adjudicating, in case where Mylan was one of the defendants, Orange Book patents along with process patents covering methods of manufacturing the active ingredient and an essential component of that molecule, in a single trial); *AstraZeneca AB v. Ranbaxy Pharms., Inc.*, 2008 U.S. Dist. LEXIS 102097, *26-27 (D.N.J. Dec. 15, 2008) (granting leave to add declaratory judgment claims under Section 271(g)).  Mylan identifies no reason to warrant a departure here.[8]

Mylan's suggestion that Plaintiffs' counterclaims are futile because they are "based on potential future activity concerning ███████████████████████," Defs.' Br. at 16, is also wrong.  That the PBN-II in Mylan's ANDA Products ███████████████ is legally irrelevant under Section 271(g): as Plaintiffs properly allege, it is ***Mylan's*** "substantial and meaningful preparations to import [the ANDA Products]," which contain rilpivirine and PBN-II, that provide the basis for declaratory-judgment claims under Section 271(g).  D.I. 50 at 33; Ex. 19 at 71; *Amgen*, 580 F.3d at 1348-49 (seeking "declaratory judgment that, if imported into the United States, [defendant's product] would infringe [process patents]"); *Glaxo*, 110 F.3d at 1571 (Section 271(g) claims proper as defendant "was systematically attempting to meet the applicable regulatory requirements while preparing to import its product"); *Janssen Prods., L.P. v. Lupin Ltd.*, 2014 U.S. Dist. LEXIS 155248, *29-30, 110 (D.N.J. Mar. 12, 2014) (summary judgment under Section 271(g) against ANDA filers, including Mylan, with plans to import).[9]

---

[8] The *Allergan* decision cited by Mylan as "somewhat analogous" is, in fact, irrelevant.  Defs.' Br. at 16 (citing *Allergan, Inc. v. Alcon Laboratories, Inc.*, 324 F.3d 1322 (Fed. Cir. 2003)).  *Allergan* addressed whether a patentee could sue an ANDA filer for contributory infringement based on its seeking approval to market a generic drug for an unpatented use.  324 F.3d at 1332.  Here, Mylan is seeking to import ANDA Products made by Janssen's patented processes.

[9] ████████████████████████████████████████████████████
████████████████████████████████ Mylan tries to distinguish the 856 and 922 Process Patents it agreed to add to the case by arguing they are "unlike the infringement claims here, which relate

## 2.    *Plaintiffs' declaratory-judgment claims state a substantial controversy amenable to adjudication in this action.*

Mylan asserts a half-hearted standing argument that "Plaintiffs request is too remote and speculative to give rise to a justiciable case or controversy at this time," Defs.' Br. at 18.  Again, Mylan is wrong on the law.  An actual controversy exists where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  This Court has held that "[c]ertainly the parties . . . have adverse legal interests" in the context of ANDA litigation, which arise "at the commencement of these ANDA proceedings initiated by defendants' Notice Letters," and create "a substantial controversy amenable to adjudication." *Takeda Pharms. U.S.A., Inc. v. Watson Labs., Inc.*, 2014 U.S. Dist. LEXIS 123082, *14 (D. Del. Sep. 4, 2014) (Robinson, J.) (granting leave to amend to add declaratory-judgment claims for contributory infringement in an ANDA litigation).  Consistent with this Court's precedent, this case already involves two declaratory-judgment claims under Section 271(g) relating to the same ANDA Product with approval on the same timetable.  D.I. 32.

Mylan's attempt to distinguish *Glaxo*—which involved declaratory-judgment claims against an ANDA filer for infringement of process patents under Section 271(g)—on the arbitrary ground that regulatory approval in that case was roughly a year-and-a-half away, "not years away," falls flat.  Defs.' Br. at 19 n.9 (citing 110 F.3d at 1571).  The *Glaxo* court observed

to ███████████████████████████████████████████████████████████."
Defs.' Br. at 8 n.4.  This is factually wrong and legally irrelevant.  The 291 and 752 Patents, just like the 856 and 922 Patents, respectively cover the preparation of rilpivirine and one of its essential components present in the ANDA Products without material change.  D.I. 33 at 8-10; D.I. 50 at 19, 33.  And ████████████████ is legally irrelevant to Mylan's infringement under Section 271(g) as Mylan is the importer of a product made by infringing processes.

that approval was "not years away" to distinguish *Telectronics Pacing Sys. v. Ventritex, Inc.*, 982

F.2d 1520 (Fed. Cir. 1992), where no ANDA was involved and the uncertainty of clinical trials

was found to prevent an actual controversy.  *See* 982 F.2d at 1527.  In *Glaxo*, the factor

demonstrating the immediacy of the controversy was the defendant's filing of an ANDA.  *See*

110 F.3d at 1564 (declaratory judgment under Section 271(g) based on future ANDA approval).

Here as well, Plaintiffs' well-pled allegations that Mylan is making substantial and

meaningful preparations to import and sell ANDA products in the United States are sufficient to

raise a justiciable controversy under Section 271(g).

### 3.   *At most, Mylan frames a factual dispute as to the 752 Patent, which cannot be decided at the pleading stage.*

Under the appropriate legal-sufficiency standard, *see* Section II.A. *supra*, Mylan's fact-

based argument that PBN-II is "materially changed" before Mylan's ANDA Products will be

imported into the United States, Defs.' Br. at 18, provides no reason to dismiss Plaintiffs' well-

pled counterclaims.  At most, this argument presents an issue for the trier of fact as to

infringement of the 752 Patent, and it is irrelevant to infringement of the 291 Patent.

As an initial matter, claim 17 of the 291 Patent (one of its two claims asserted in this

action) covers an overall synthesis of rilpivirine using the patented process.  D.I. 50 at 19.  As a

result, Mylan's argument that PBN-II is materially changed provides no defense, factual or

otherwise, to Plaintiffs' infringement claim on the 291 Patent.  As for the 752 Patent, Mylan can

argue material change as a full factual record is developed.  But at the pleading stage,

disagreement with Plaintiffs' allegations that PBN-II is present in Mylan's ANDA Products

without material change, D.I. 50 at 33; Ex. 19 at 71, has no bearing on whether the counterclaims

are properly alleged.  *See Biotech Biologische Naturverpackungen GmbH & Co. v. Biocorp, Inc.*,

249 F.3d 1341, 1352 (Fed. Cir. 2001) ("Whether a change in a product is material is a factual

determination, and is properly for the trier of fact."); Ex. 24 (Bench Decision on Mot. to Supplement Pleadings, *Janssen Products, L.P. v. Lupin Ltd.*, 10-cv-5954-WHW-CLW, D.I. 265 at 16-17 (D.N.J.) (rejecting Mylan's futility argument based on material change because it raised a "factual dispute . . . not ripe for a decision at this stage").  Mylan's material-change argument is irrelevant to the futility analysis.  Plaintiffs' counterclaims satisfy Rule 12(b)(6), and Mylan's motion to dismiss them should be denied.

## III.    Mylan provides no good reason to sever the counterclaims.

Mylan's alternative argument that Plaintiffs' counterclaims should be "severed from this case for separate adjudication" under Fed. R. Civ. P. 21 is baseless.  In deciding whether to sever claims, "[c]ourts must balance several considerations in determining whether severance is warranted, including 'the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation.'"  *Dare v. Comcast Corp.*, 2010 U.S. Dist. LEXIS 62498, *2 (D.N.J. Jun. 23, 2010) (quoting *German v. Federal Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1400 n.6 (2d Cir. 1995)) (denying severance where the facts overlapped, severance would "frustrate[e] judicial economy," and prejudice was not shown).

Mylan's severance request should be denied on these considerations.  As shown above: (a) Plaintiffs' timely counterclaims provide ample time for Mylan to present its defenses, *see* Section II.B.1-2 *supra*; (b) Mylan has demonstrated control over manufacturing information, indicating that incremental discovery will not derail this case, *see* Section II.B.3 *supra*; and (c) the 291 and 752 Patents relate to the manufacture of ANDA Products already at issue and involve the same inventors as the other patents-in-suit, *see* Section II.C.1, *supra.*  Plaintiffs' counterclaims should not be severed.  "To rule otherwise would result in the filing of another lawsuit and would not promote the interests of judicial efficiency."  *NHB*, 490 B.R. at 184.

**IV.     No allegation in Plaintiffs' counterclaims warrants being stricken.**

Mylan's final plea is that portions of Plaintiffs' counterclaims be stricken to avoid "embarrass[ment]."  Defs.' Br. at 20.  In particular, Mylan asks the Court to strike the allegation that Mylan has infringed Janssen's process patents before, and the description of the factual basis for the counterclaims learned through discovery.  *Id.*  Mylan provides no reason to strike these relevant allegations.  "Motions to strike are generally disfavored and ordinarily are denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Joao Bock Transaction Sys., LLC v. Jack Henry & Assocs., Inc.*, 292 F.R.D. 167, 170-171 (D. Del. 2013) (Robinson, J.).  As to Mylan's prior infringement, "where references to prior litigation might have some evidentiary or legal significance, they should not be stricken." *Id.*[10]  And the parties' discovery dispute preceding the filing of the counterclaims provides a key part of the factual basis for Plaintiffs' infringement claims.  *See Hoffman-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359, 1364 (Fed. Cir. 2000) (patentees may "resort to the judicial process and the aid of discovery . . . to confirm their belief" that process patents are infringed); *Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303, 1314-1315 (Fed. Cir. 2011) ("Because the accused infringer is in a far better position to determine the actual manufacturing process than the patentee, fairness dictates that the accused . . . reveal this process or face the presumption of infringement.").

## CONCLUSION

For the reasons set forth above, this Court should deny Mylan's motion to dismiss, strike or sever Plaintiffs' counterclaims.

---

[10] Plaintiffs' reference to a prior case was not "made for an improper purpose."  Defs.' Br. at 20.  "Evidence of . . . an organization's routine practice may be admitted to prove that . . . [the] organization acted in accordance with the . . . routine practice."  Fed. R. Evid. 406.

ASHBY & GEDDES

*Of Counsel:*                          /s/ *Andrew C. Mayo*
                                       _____
Gregory L. Diskant                     Steven J. Balick (#2114)
Irena Royzman                          Tiffany Geyer Lydon (#3950)
Jordan M. Engelhardt                   Andrew C. Mayo (#5207)
PATTERSON BELKNAP                      500 Delaware Avenue, 8th Floor
  WEBB & TYLER LLP           P.O. Box 1150
1133 Avenue of the Americas            Wilmington, DE 19899
New York, New York 10036               (302) 654-1888
(212) 336-2000                         sbalick@ashby-geddes.com
                                       tlydon@ashby-geddes.com
                                       amayo@ashby-geddes.com

                                       *Attorneys for Plaintiffs Janssen*
                                       *Pharmaceutica, N.V., and Janssen*
                                       *Sciences Ireland UC*


FARNAN LLP

*Of Counsel:*                          /s/ *Brian E. Farnan*
                                       _____
Colleen Tracy James                    Brian E. Farnan (#4089)
Manuel J. Velez                        Michael J. Farnan (#5165)
Scott A. McMurry                       919 North Market Street, 12th Floor
MAYER BROWN LLP                        Wilmington, DE  19801
1221 Avenue of the Americas            (302) 777-0300
New York, NY  10020-1001               bfarnan@farnanlaw.com
(212) 506-2500                         mfarnan@farnanlaw.com

                                       *Attorneys for Plaintiffs Gilead Sciences, Inc.*
                                       *and Gilead Sciences Ireland UC*


Dated:  May 16, 2016