IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JANSSEN PHARMCEUTICA, N.V., et al., | : : : |
| Plaintiffs, | : : |
| v. | :   Civil Action No. 15-760-RGA-SRF : |
| MYLAN PHARMACEUTICALS, INC., et al., | : : : |
| Defendants. | : |

**ORDER**

Defendants' Motion for Summary Judgment of Noninfringement (D.I. 249) is **STRUCK**. The motion is actually a motion for partial summary judgment of noninfringement. (D.I. 250, p.1). In any event, it is the uniform practice of this judge, and, to my understanding, of all of the judges of this court, not to permit motions for summary judgment in ANDA cases *without leave of court*. Nevertheless, Defendants filed such a motion without leave of court.

Defendants say, the scheduling order did not prohibit them from doing this. There are two responses to this. One, the parties submitted a proposed order to Judge Robinson that clearly did not contemplate motions for summary judgment. In the proposed scheduling orders, *see* D.I. 35, Attachment A – "Proposed Schedule"; D.I. 38, Attachment A – "Proposed Schedule," the parties did not put any time in the schedule for summary judgment motions. Two, Defendants point me to nowhere in the record where the matter was brought to Judge Robinson's attention. I am quite sure that if Judge Robinson were still on the bench, Defendants would not dare to make this argument, as her views on summary judgment motions in bench trials were well-known and,

I would have thought, universally understood by those who practiced in front of her.

In sum, Defendants cannot file the partial summary judgment motion without leave of court. In striking it, I am, of course, expressing no opinion on its merits, nor on whether I would have permitted its filing if I had been asked to do so.

IT IS SO ORDERED this ____ day of November 2017.

/s/ Richard G. Andrews
United States District Court